After Issuance of Writ of Mandamus by Alabama Supreme Court

PER CURIAM.
Nancy Buckner, Commissioner of the Alabama Department of Human Resources; Terry Benton, Director of the Montgomery County Department of Human Resources; John Houston, Commissioner of the Alabama Department of Mental Health; Donald E. Williamson, M.D., State Health Officer and Director of the Alabama Department of Public Health; J. Walter Wood, Executive Director of the Alabama Department of Youth Services; Joseph Morton, State Superintendent of Education; and Donna Glass, Director of the Alabama Multi-Needs Child Office (collectively “the state agents”),[1] petitioned this court for a writ of mandamus directing Judge Patricia Warner, the juvenile-court judge presiding over case nos. JU-93-102.08, CV-09-204, and CV-09-900341 in the Montgomery Juvenile Court to grant the state agents’ motions to dismiss the claims against them in case nos. CV-09-204 and CV-09-900341 and to recuse herself. In Ex parte Buckner, 73 So.3d 686 (Ala.Civ.App.2010), this court granted the state agents’ petition insofar as it sought a writ of mandamus directing Judge Warner to grant the state agents’ motions to dismiss the claims against them in case nos. CV-09-204 and CV-09-900341 and held that the state agents’ petition was moot insofar as it sought a writ directing Judge Warner to recuse herself.
In Ex parte Montgomery County Commission, 73 So.3d 692 (Ala.2011), the supreme court issued a writ of mandamus directing this court to quash the writ of mandamus directing Judge Warner to grant the state agents’ motions to dismiss the claims against them in case nos. CV-09-204 and CV-09-900341 and ordered this court to consider the merits of the state agents’ petition insofar as it sought a writ directing Judge Warner to recuse herself.
However, subsequent to the deliverance of the supreme court’s decision on May 20, 2011, Judge Warner resigned, and the respondents, the Montgomery County Commission (“the commission”) and the National Deaf Academy (“the NDA”), have moved this court to dismiss the state agents’ petition insofar as it seeks a writ of mandamus directing Judge Warner to re-cuse herself on the ground that her resignation has rendered that portion of the state agents’ petition moot. The state agents have responded by arguing that Judge Warner’s resignation has not rendered that portion of the state agents’ petition moot because, the state agents say, they were aggrieved by certain rulings made by Judge Warner before she resigned. However, that portion of the state agents’ petition for a writ of mandamus sought only a writ of mandamus directing Judge Warner to recuse herself; that portion of the state agents’ petition *702 did not seek relief from the rulings with respect to which they complain in their response to the motions to dismiss filed by the commission and the NDA. Therefore, we conclude that the state agents’ opposition to the motions to dismiss filed by the commission has no merit and that those motions are due to be granted.
Accordingly, in compliance with the supreme court’s decision in Ex parte Montgomery County Commission, we quash the writ of mandamus directing Judge Warner to grant the state agents’ motions to dismiss in case nos. CV-09-204 and CV-09-900841. Moreover, we grant the commission’s and the NDA’s motions to dismiss the state agents’ petition insofar as it seeks a writ of mandamus directing Judge Warner to recuse herself on the ground that her resignation has rendered that portion of the state agents’ petition moot.
WRIT ISSUED SEPTEMBER 24, 2010, QUASHED; PETITION DISMISSED AS TO RECUSAL ISSUE.
All the judges concur.

. John Houston is no longer the Commissioner of the Alabama Department of Mental Health, and Joseph Morton is no longer the State Superintendent of Education. Rule 25(d), Ala. R. Civ. P., and Rule 43(b), Ala. R.App. P., provide that if a public officer is a party to an action or an appeal in an official capacity and the officer ceases to hold office during the pendency of the action or the appeal, the officer's successor is automatically substituted as a part.